COWART, Judge.
This is an abandonment or “throw down” drug case.
A police undercover agent gave the defendant purchase money and drove the defendant to a house where the defendant purchased cocaine. Thereafter, the undercover agent and the defendant travelling in the undercover agent’s automobile were stopped by a marked police patrol car and were “arrested” and placed in the back of the patrol car. There, the undercover agent asked the defendant what she had done with the cocaine, and the defendant replied that she had thrown it on the road under the undercover agent’s car. The cocaine was recovered by the undercover agent and the defendant charged with possession. The trial court granted the defendant’s motion to suppress her statement that she had thrown the cocaine under the car as being the result of a custodial interrogation without Miranda warnings and also granted the defendant’s motion to suppress the cocaine as being the fruit of the wrongful interrogation. The State appeals [1] the suppression of the evidence but not the suppression of the defendant’s statement.
We hold that under the facts of this case, the defendant voluntarily abandoned the cocaine and its retrieval by the police did *717 not constitute a search of the defendant within the meaning of the Fourth and Fourteenth Amendments to the U.S. Constitution or Art. 1, Sec. 12, of the Florida Constitution. Neither the police stop nor the question by the undercover agent made the defendant’s abandonment of the cocaine legally involuntary nor did those factors taint its admissibility into evidence because the undercover agent was present when the defendant bought and acquired possession of the cocaine and the undercover agent’s knowledge of the defendant’s criminal possession of the cocaine came from the agent’s personal observation — an independent source — and not from the defendant’s answer to the undercover agent’s question while both were in the police patrol car. See State v. Oliver, 368 So.2d 1331 (Fla.3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla.1980).
In view of our conclusion, we need not consider the State’s other argument that the cocaine was also admissible because it would have inevitably been discovered, independent of the defendant’s answer to the undercover agent’s query, citing Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).
The order suppressing the admissibility in evidence of the cocaine in this case is reversed and this cause is remanded.
REVERSED and REMANDED.
ORFINGER and DANIEL, JJ., concur.

. See § 924.071(1), Fla.Stat.